# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Najam Syed,

    Debtor.

Bankruptcy Case No. 23-50241
Hon. Mark A. Randon
Chapter 11
*Subchapter V*

## MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES

NOW COME the Debtors, Michigan Medical Group, P.C. and Dr. Najam K. Syed (collectively, the "Debtors" and each individually, a "Debtor"), as debtors and debtors in possession, by and through their counsel, Stevenson & Bullock, P.L.C., who, in support of their Motion for Entry of an Order Directing Joint Administration of Debtors' Chapter 11 Cases (the "Motion for Joint Administration") state:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

3. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

# BACKGROUND

4. On November 22, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtor continues to manage and operate its businesses as debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. Dr. Najam K. Syed is the responsible person for the Debtor.

6. No trustee or examiner has been appointed in this case.

7. No official committee of unsecured creditors has been appointed or designated in this case.

8. Organized in 2001, Michigan Medical Group, P.C. is a medical practice located in Taylor, Michigan that specializes in internal medicine. Michigan Medical Group, P.C.'s sole shareholder is Dr. Najam K. Syed. The Debtor takes great pride in its ability to service the community and patients, many of whom receive government assistance. Patient care is provided at the Debtor's offices and at the three (3) hospitals in which Dr. Syed has privileges so as to provide continuity of care.

## RELIEF REQUESTED

9.  By this Motion, the Debtors seek entry of an order, substantially in the form attached as Exhibit 1, directing joint administration of the Chapter 11 Cases under the case number assigned to Michigan Medical Group, P.C.

## BASIS FOR RELIEF

10.  Pursuant to Bankruptcy Rule 1015(b), "(i)f…two or more petitions are pending in the same court by or against… (4) a debtor and an affiliate, the court may order a joint administration of the estates."

11.  No substantive rights of any party in interest will be affected by joint administration of the Debtors' Chapter 11 cases for procedural purposes only. See, *In re Ben Franklin Retail Stores, Inc.*, 214 B.R. 852, 857 (Bankr. N.D. Ill. 1997) ("Joint administration…does not alter the substantive rights of creditors. The estates remain separate, and a creditor with a claim in one case has no right to distribution from the estate in any other case"); *In re Parkway Calabasas Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors….").

## APPLICATION

12.  Many, if not all, of the motions, hearings and orders that are expected to arise in the Chapter 11 Cases will affect each Debtor. By jointly administering the

Chapter 11 Cases, the Debtors will be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

13. Jointly administering the Chapter 11 Cases, for procedural purposes only, will allow the Debtors to optimally and economically administer the pending chapter 11 cases. Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Chapter 11 Cases, because this Motion requests only joint administration, not substantive consolidation, of the estate. For example, any creditor must still file a claim against a particular Debtor or its estate, or multiple Debtors and their respective estates. All of the Debtors' creditors will thus benefit from the reduced costs as a result of such joint administration. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, approval of the Motion will simplify the United States Trustee's supervision of the administrative aspects of the Chapter 11 Cases.

14. Accordingly, joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors and equity security holders and all parties in interest.

15. Specifically, the Debtors request that the joint administration of these cases provide for: (a) maintenance by the Clerk of one docket for all pleadings,

motions, and other documents filed in these cases; (b) notices in these cases to be given under one case number; (c) filing of all pleadings and papers under one case number; (d) utilization of a common caption for all pleadings, papers and notices filed in these cases; and (e) scheduling of a combined § 341 proceeding.

16. The Debtors also propose that all parties use the caption included hereto in the proposed order attached hereto as Exhibit 1 in order to avoid confusion and promote uniformity.

17. The Court will also be relieved of the burden of making duplicate orders and keeping duplicate files. Finally, supervision of the administrative aspects of the chapter 11 cases by the Office of the United States Trustee will be simplified.

18. If the relief requested herein is granted, the Debtors propose to provide notice of such order upon the parties listed on the official service list as required by this Court.

19. Pursuant to E.D. Mich. LBR 1015-1, the Debtors state the following:

    a. Michigan Medical Group, P.C. is owned solely by Dr. Najam K. Syed;

    b. There are no inter-Debtor claims;

    c. There may be guaranties or co-obligations among the Debtors with *inter alios*, Chase Bank and the United States Small Business Administration;

    d. The Debtors are not publicly traded; and

e. There are not believed to have been any inter-Debtor transfers within one (1) year before the Petition Date outside of the ordinary course of business.

**NOTICE**

20. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case. Pursuant to Local Bankruptcy Rule 9013-1, notice of this Motion has been served on the Office of the United States Trustee. In addition, the Debtor has given notice to the Debtor's secured creditors and Debtor's 20 largest unsecured creditors. In light of the nature of the relief requested, the Debtor submits that no additional notice need be given.

21. The Debtors intend to request that the Court consider this Motion on an expedited basis, and have, contemporaneously with the filing of this Motion, requested the same from the Court as is authorized pursuant to E.D. Mich. LBR 9013-1(c).

**NO PRIOR REQUEST**

22. No previous motion for the requested relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached as Exhibit 1, directing joint administration of the

chapter 11 cases under the case number assigned to Michigan Medical Group, P.C. and grant such further relief as is proper and just.

[*Signatures on following pages*]

                                                    Respectfully submitted,
                                                    **STEVENSON & BULLOCK, P.L.C.**

                                                    By: /s/ Elliot G. Crowder
                                                    Elliot G. Crowder (P76137)
                                                    Counsel for Debtors
                                                    26100 American Drive, Suite 500
                                                    Southfield, MI 48034
                                                    Phone: (248) 354-7906
                                                    Facsimile: (248) 354-7907
                                                    Email: ecrowder@sbplclaw.com

Dated: November 22, 2023

                                                    **MICHIGAN MEDICAL GROUP, P.C.**

                                                    By: /s/ Dr, Najam K. Syed
                                                    Dr. Najam K. Syed
                                                    Its:     Responsible Person

Dated: November 22, 2023

                                                    By: /s/ Dr, Najam K. Syed
                                                    Dr. Najam K. Syed

Dated: November 22, 2023

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| IN THE MATTER OF:<br>Najam Syed,<br><br>　　　　　　Debtor. | Bankruptcy Case No. 23-50241<br>Hon. Mark A. Randon<br>Chapter 11<br>*Subchapter V* |

## ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES

Upon the Motion for Entry of an Order Directing Joint Administration of Debtors' Chapter 11 Cases (the "Motion"); due and sufficient notice of the Motion having been given; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Court determining that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the court finding that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED:

1. The Motion is granted.

2. The Debtors' respective captioned and numbered cases are consolidated, for procedural purposes only, and shall be jointly administered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and

Rule 1015-1 of the Local Rules of the Bankruptcy court for the Eastern District of Michigan.

3. The caption of the jointly administered cases is to read as follows:

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

| | |
|---|---|
| Michigan Medical Group, P.C.[1] <br><br> Debtors. | Bankruptcy Case No. 23-50240 <br> Hon. Mark A. Randon <br> Chapter 11 <br> *Subchapter V* |

4. A docket entry shall be made in the case of Dr. Najam K. Syed (Bankr. Case No. 23-50241) substantially as follows:

    a. An order has been entered in this case directing the joint administration of the chapter 11 cases of Michigan Medical Group, P.C. and Dr. Najam K. Syed. The docket in Case No. 23-50240 should be consulted for all matters affecting this case.

    b. A proof of claim against any of the Debtors or their respective estates must be filed in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case.

---

[1] The Debtors in these jointly administered cases include Michigan Medical Group, P.C. (Bankr. Case No. 23-50240) and Najam Syed (Bankr. Case No. 23-50241).

5. Notwithstanding joint administration of these cases, each of the Debtors is required to file monthly operating reports, schedules, and statements of financial affairs in its respective case.

6. A copy of this Order shall be served by Debtors on all of the creditors in each of the proposed jointly administered creditors pursuant to Local Rule 1015(d).

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.